1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                        DISTRICT OF OREGON
9                        PORTLAND DIVISION
10
11
12  GREGORY BARNHART, JOE CONYARD,          No. 3:13-cv-00669-
                                            HU
13  DOUGLAS FRANK, THOMAS
    HEFFLINGER, JOHN HOWE, DON LEASK,       **OPINION AND**
14  SAMUEL NESBITT, ANNA REUTOV, ERIC              **ORDER**
    SKINNER, and JUHA TUOMINEN,
15
16          Plaintiffs,
17      v.
18  PROSPECT MORTGAGE, LLC,
19          Defendant.
    ─────────────────────────────
20
21                           COUNSEL
22  Steven D. Larson, Stoll Stoll Berne Lokting & Shlachter PC,
    Portland, Oregon, for the plaintiffs.
23
    Adam W. Hansen, Nichols Kaster, LLP, San Francisco, California,
24  for the plaintiffs.
25  Todd A. Hanchett, Stoel Rives LLP, Portland, Oregon, for the
    defendant.
26
    Andrew M. Paley, Seyfarth Shaw LLP, Los Angeles, California, for
27  the defendant.
28  Brandon R. McKelvey, Seyfarth Shaw LLP, Sacramento, California,
    for the defendant.

    Page 1 - OPINION AND ORDER

HUBEL, Magistrate Judge:

Defendant Prospect Mortgage, LLC ("Defendant") moves the Court for an order staying this action in its entirety pending resolution of Defendant's motion to transfer this case to the Judicial Panel on Multidistrict Litigation ("JPML") for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("the MDL Motion"). For the reasons that follow, Defendant's motion (Docket No. 25) to stay is denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs Gregory Barnhart, Joe Conyard, Douglas Frank, Thomas Hefflinger, John Howe, Don Leask, Samuel Nesbitt, Anna Reutov, Eric Skinner, and Juha Tuominen (collectively, "Plaintiffs") were opt-in plaintiffs in a collective action in the Eastern District of California ("the *Sliger* action"). The *Sliger* action was a conditionally certified collective action that was subsequently decertified via stipulation in January 2013. Three months later, Plaintiffs and 233 other opt-in plaintiffs filed thirty-seven separate federal court cases in various district courts across the country within a span of seven days. The Nichols, Kaster law firm represents Plaintiffs in all thirty-seven cases and Seyfarth, Shaw represents Defendant in all thirty-seven cases.

Plaintiffs filed their complaint in the present action on April 19, 2013, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Oregon law. The gist of Plaintiffs' complaint is that Defendant improperly classified them as "exempt" from the overtime pay requirements of the FLSA

Page 2 - OPINION AND ORDER

and state law.  Plaintiffs allege they routinely worked in excess of forty hours per week and were not provided with overtime compensation.  Instead, Plaintiffs were paid on a commission-only basis, which resulted in periods where Plaintiffs received less than minimum wage.

On June 13, 2013. Defendant was served with the complaint, amended complaint (filed on May 31, 2013), summons, and civil cover sheet, along with a request for waiver of service of summons via email.  Defendant timely filed its answers to Plaintiffs' amended complaint on August 12, 2013, and demanded a jury trial.

On August 13, 2013, the parties held their Federal Rule of Civil Procedure ("Rule") 26(f) conference.  Three days later, on August 16, 2013, Defendant filed the MDL Motion, seeking to have this matter, as well as thirty-six other similar matters filed in different district courts across the country, transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings.  Defendant anticipates that the MDL Motion will be heard on the JPML's December 5, 2013 calendar in Las Vegas, Nevada and will be decided in early 2014.

On August 28, 2013, the parties filed their joint proposed scheduling order and discovery plan in this action.  On September 6, 2013, Defendant filed its motion to stay which is now before the Court.

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

1   counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S.
2   248, 254 (1936). "Staying an action pending a decision in
3   concurrent multidistrict litigation proceedings is 'within the
4   court's discretion' and is 'appropriate when it serves the
5   interests of judicial economy and efficiency.'" *Oregon v.*
6   *Johnson & Johnson*, No. 11-CV-86-AC, 2011 WL 1347069, at *2 (D.
7   Or. Apr. 8, 2011) (quoting *Rivers v. Walt Disney Co.*, 980 F.
8   Supp. 1358, 1360 (C.D. Cal. 1997)). "Courts should consider
9   three factors when determining whether to stay an action: '(1)
10  potential prejudice to the non-moving party; (2) hardship and
11  inequity to the moving party if the action is not stayed; and
12  (3) the judicial resources that would be saved by avoiding
13  duplicative litigation if the cases were in fact consolidated.'"
14  *Id.*

### III. DISCUSSION

16      Defendant concedes that it will need to take the depositions
17  of all of the plaintiffs in this action. (Def.'s Mem. Supp. at
18  9.) According to Plaintiffs, their depositions are necessary to
19  Defendant's so-called "outside sales defense," which is unique
20  to each individual plaintiff and which played a role in
21  Plaintiffs' counsel's decision to stipulate to decertification
22  in *Sliger*. However, Defendant argues that consolidation by the
23  JPML will prevent duplicative depositions of witnesses that may
24  have relevant information in all of the actions, such as
25  Defendant's corporate witnesses in Rule 30(b)(6) depositions.

26      After the reviewing each parties' papers, the Court
27  concludes that discovery will to a very significant extent
28  proceed on an individual plaintiff basis. This discovery can

Page 4 - OPINION AND ORDER

and should proceed without offending the three factors courts consider when determining whether to stay an action. Discovery that will have relevance in all of the post-*Sliger* actions, such as the deposition of Defendant's Rule 30(b)(6) designees, should be deferred until the JPML rules on the MDL Motion. Likewise, to the extent these parties cannot resolve any potential discovery disputes through conferral on their own, and where a discovery decision in this Court on the issue may have significant implications for the other thirty-six pending cases, deferral of such a decision until after a JPML decision may be necessary.

## IV. CONCLUSION

For the reasons stated, Defendant's motion (Docket No. 25) to stay is denied. Defendant's requests for judicial notice (Docket Nos. 25-4, 34) are denied as moot. After conferral as required by the rules, any proposed discovery that would interfere with Multidistrict Litigation should be presented to this Court for assistance.

IT IS SO ORDERED.

Dated this 30th day of September, 2013.

/s/ Dennis J. Hubel
_____
            DENNIS J. HUBEL
      United States Magistrate Judge

Page 5 - OPINION AND ORDER